**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LAUREN EJIAGA** | **CIVIL ACTION** |
| **v.** | **NO: 25-1344** |
| **SCHOLARSHIP AMERICA, INC** | **SECTION: C (4)** |

### ORDER AND REASONS

Before the court is defendant Scholarship America, Inc.'s Federal Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim filed on October 10, 2025 (Rec. Doc. 17). The motion is GRANTED.

### BACKGROUND

Plaintiff, Lauren Ejiaga, alleges fraud, negligent misrepresentation, breach of the implied duty of fairness and good faith, invasion of privacy, misappropriation of educational data, and intentional infliction of emotional distress by defendant Scholarship America, Inc.

Ejiaga's complaint states that she applied to multiple scholarship programs administered by America, Inc. seeking financial support for academic pursuits. Ejiaga was awarded thirteen such scholarships. America, Inc. then contacted Ejiaga seeking clarification about discrepancies in her academic records. America, Inc. asked Ejiaga to provide official transcripts and instructed that they be mailed directly from various schools she claimed to have attended. Ejiaga obtained one transcript,

1

from Benjamin Franklin High School, which she described as "a cumulative official transcript reflecting coursework across multiple institutions." She said the transcript was faxed to her by the school.  She printed it and mailed it to America, Inc.

America, Inc. contacted the school and learned the transcript was not issued by the school.  America, Inc. further advised Ejiaga that it contacted one of Ejiaga's recommenders and was "unable to validate her submitted recommendations." America, Inc. declared Ejiaga ineligible for current and future scholarship programs administered by it.

Ejiaga sued America, Inc., arguing America, Inc. failed to disclose to her information about its investigation and disqualification. She also claims America, Inc. engaged in "unauthorized third-party outreach" in violation of its own privacy policy by contacting the school and Ejiaga's recommender to verify her information.

America, Inc. filed a motion to dismiss Ejiaga's claims pursuant to Federal Rules of Civil Procedure 12(b)(6). It submits Ejiaga was disqualified after discovering she submitted inconsistent transcripts from seven different schools in seven different states and listed a fake email address for a person identified as a recommender. Prior to her disqualification, and to clear up the inconsistencies, America, Inc. gave Ejiaga the opportunity to provide official transcripts mailed directly from the schools.  She failed to do so.

America, Inc. submits its privacy policy specifically authorizes collecting and disclosing educational information from applicants and third parties for fraud protection. Because the complaint fails to make any allegations to support her claims for fraud, negligent misrepresentation, breach of implied duty of fairness and good faith, invasion of privacy, misappropriation of educational data, and intentional infliction of emotional distress, America, Inc. seeks dismissal of the complaint pursuant to Rule 12(b)(6).

### ANALYSIS

A Rule 12(b)(6) motion challenges the sufficiency of a plaintiff's allegations. A complaint, or any part of it, may be dismissed for failure to state a claim upon which relief may be granted if plaintiff fails to set forth factual allegations that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

To survive, a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

3

In evaluating a Rule 12(b)(6) motion, the court should confine itself to the pleadings and documents attached to the complaint. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Carter v. Target Corp*, 541 Fed. Appx. 413, 416 (5th Cir. 2013). The court "may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

While detailed factual allegations are not required, a complaint must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). However, the court will not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). If factual allegations are insufficient to raise a

right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

*Fraud*

Ejiaga purports to allege fraud under both Louisiana and Minnesota law. In Louisiana, the elements of fraud are: (1) a misstatement or omission; (2) of material fact; (3) made with the intent to defraud; (4) on which plaintiff relied; and (5) which proximately caused plaintiff's injury.[1] *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). Federal Rule of Civil Procedure 9(b) imposes a heightened level of pleading for fraud claims. Rule 9(b) provides, in relevant part: "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) requires specific allegations of the time, place, and content of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).

Ejiaga alleges America, Inc. made false representations regarding its investigative process. She does not specifically identify any such false statements. America, Inc. communicated concerns to Ejiaga regarding inconsistent transcripts.

---

[1] In Minnesota, the elements of fraudulent misrepresentation are: (1) a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intent to induce another to act in reliance thereon; (4) that the representation caused the other part to act in reliance thereon; and (5) that the other party suffered pecuniary damage as a result of the reliance. *Hoyt Props., Inc. v. Prod. Res. Grp., L.L.C.*, 736 N.W.2d 313, 318 (Minn. 2007)

It gave her an opportunity to resolve the inconsistencies by submitting new transcripts, but directly from the schools. Ejiaga failed to do so.  America, Inc. then took steps to independently verify the information.

Ejiaga also alleges America, Inc. failed to disclose critical information to her regarding her disqualification, but does not state what information was withheld. Plaintiff fails to assert a plausible claim for fraud.

<em>Negligent Misrepresentation</em>

A negligent misrepresentation claim must allege: "(1) the defendant, in the course of its business, supplied false information the plaintiff, (2) the defendant had a legal duty to provide correct information to the plaintiff, (3) the defendant breached its duty, which can be breached by omission as well as by affirmative misrepresentation, and (4) the plaintiff suffered damages or pecuniary loss as a result of its justifiable reliance upon the omission or affirmative misrepresentation." [2] *S. Orthopaedic Specialists LLC v. State Farm Fire & Cas. Co.*, 21-0861, 2022 WL 1405142, at *7 (E.D. La. 5/4/22). Ejiaga failed to allege any facts suggesting America, Inc. supplied false information to her or anyone else.  The complaint fails to state a plausible claim of negligent misrepresentation.

---

[2] In Minnesota, a negligent misrepresentation claim differs from fraudulent misrepresentation only with respect to the required state of mind. In a negligent misrepresentation claim, a plaintiff must show defendant supplied false information for the guidance of others in their business transaction and in doing so failed to exercise reasonable care or competence in obtaining or communicating the information. *Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010); *citing Florenzano v. Olson*, 387 N.W.2d 168, 174 (Minn. 1989).

*Breach of Implied Duty of Fairness and Good Faith*

To breach the duty of good faith and fair dealing there must be a contract and a breach of that contract. *Schaumburg v. State Farm Mut. Auto. Ins. Co.*, 421 F.App'x 434, 439 (5th Cir. 2011). Here, plaintiff cannot show a breach of the duty of good faith and fair dealing because there is no alleged contract that was breached. Rather, America Inc.'s privacy policy authorizes it to disclose personal information for fraud protection. The privacy policy provides:

> We may also disclose your personal information, under the following limited circumstances:
>
>                             \*\*\*
>
> If we believe disclosure is necessary or appropriate to protect the rights, property, or safety of Scholarship America, our partners, or others – this includes exchanging information with other companies and organizations for the purposes of fraud protection and credit risk reduction.

America, Inc. received what it believed were inconsistent transcripts. It gave Ejiaga an opportunity to clarify.  She failed to do so. America, Inc. then took steps to independently verify the submitted information. America Inc.'s action aligns with its policy of allowing disclosure of personal information to prevent fraud. Because the privacy policy was referred to in plaintiff's complaint, attached to America, Inc.'s motion to dismiss, and is central to the claim that America, Inc. engaged in "unauthorized third-party outreach" in violation of that policy, the court finds it proper to consider it. *Carter*, 541 Fed. Appx. at 416. Ejiaga fails to state a claim for breach of contract or breach of the implied duty of good faith and fair dealing.

7

*Invasion of Privacy, Misappropriation of Educational Data*

Ejiaga alleges America, Inc. invaded her privacy by verifying information provided in her applications and contacting a referral at the referral's university email address, which was not provided by Ejiaga. Louisiana law recognizes an invasion of privacy claim for unreasonable public disclosure of embarrassing private facts.[3] *Currier v. Entergy Servs., Inc.*, 11-2208, 2014 WL 1093687, at *10 (E.D. La. 3/14/14); *Tate v. Woman's Hosp. Foundation*, 10-0425 (La. 1/19/11), 56 So.3d 194, 197. There is no invasion of privacy when a person consents to the release of information. *Tate*, 56 So.3d at 198. America, Inc.'s privacy policy authorizes the disclosure of personal information to prevent fraud. Thus, Ejiaga consented to such disclosure. America, Inc. acted within its privacy policy by seeking to verify the inconsistent transcripts. These consented disclosures do not support a claim for invasion of privacy.

*Intentional Infliction of Emotional Distress*

To recover for intentional infliction of emotional distress, a plaintiff must show: (1) defendant's conduct was extreme and outrageous; (2) plaintiff suffered severe emotional distress; and (3) defendant desired to inflict severe emotional distress or knew it was certain or substantially certain to result.[4] *Currier*, 2014 WL

---

[3] Minnesota law also recognizes a cause of action for invasion of privacy based upon publication of private facts. *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 553 (Minn. 2003).

[4] In Minnesota, intentional infliction of emotional distress must be similarly extreme and outrageous. *See Langeslag v. KYMN Inc.*, 664 N.W.2d 860, 864-65 (Minn. 2003).

1093687, at *7. The extreme and outrageous conduct requirement is difficult to meet. *Id*. The standard does not reach "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities," rather, the behavior must "go beyond all possible bounds of decency[.]" *Id*. Ejiaga alleges no conduct by America, Inc. that meets this standard. The complaint appears to be that America, Inc. did not accept Ejiaga's explanation for what they believed were inconsistent transcripts, but took steps to verify them. That fails to state a claim upon which relief can be granted.

## CONCLUSION

The Motion to Dismiss for Failure to State a Claim is GRANTED. Plaintiff is granted LEAVE TO AMEND the complaint within twenty-one days of the date of this order.[5]

New Orleans, Louisiana this __15th__ day of April 2026

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE

---

[5] See Federal Rule of Civil Procedure Rule 11 (By presenting to the court a pleading . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

9